Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5085 | **DATE** | 5/16/2002 |
| **CASE TITLE** | Alfred Maye vs. Dennis Hockaday | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 17 2002 date docketed | |
| | Notified counsel by telephone. | | | 17 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/16/2002 date mailed notice | |
| ETV | courtroom deputy's initials | 02 MAY 17 AM 8:19 Date/time received in central Clerk's Office | ETV mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALFRED MAYE,

    Petitioner,

v().  No. 01 C 5085

DENNIS HOCKADAY,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Alfred Maye is currently serving a 10-year sentence at the Western Illinois Correctional Center for his September 3, 1999 conviction for possession of a controlled substance with intent to deliver. Petitioner's conviction was based almost exclusively on the testimony of Chicago police officer James Hladik. Hladik testified that on April 21, 1999, while conducting surveillance with his partner in a neighborhood known for narcotics sales, he saw Petitioner, on four occasions within the span of a few minutes, give an individual a foil-wrapped packet in exchange for money. Hladik further testified that he apprehended Petitioner after a short chase during which Petitioner discarded a plastic bag into a sewer. Hladik recovered the plastic bag, which was later revealed to contain heroin.

The trial judge found Petitioner guilty at a bench trial, and Petitioner appealed to the Illinois Appellate Court. In response to his appellate counsel's *Anders* motion, Petitioner raised claims of ineffective assistance of counsel and insufficient evidence. The Illinois Appellate Court granted the *Anders* motion and upheld Maye's conviction and sentence on August 24, 2000. The Illinois Supreme Court denied leave to appeal the same two claims on January 29, 2001. Petitioner declined to file a state post-conviction petition. Instead, he raised these claims in the instant petition for writ of habeas corpus filed on June 29, 2001.

In an order dated October 30, 2001, this court questioned whether the Illinois Appellate

17

Court's decision foreclosed habeas review of Petitioner's ineffective assistance of counsel claims, and appointed counsel to represent Petitioner. (Docket No. 12.) Upon review of the parties' submissions since the October order, however, the court concludes that Petitioner is not entitled to habeas corpus relief.

## FACTUAL BACKGROUND[1]

Chicago police officer James Hladik testified at Petitioner's trial that he and his partner conducted surveillance on the afternoon of April 21, 1999 in an area known for narcotics sales. (Order of the Illinois Appellate Court dated August 24, 2000 ("Ill. App. Ct. Order"), p. 2, Exhibit C to Respondent's Answer.) According to Hladik, he witnessed Petitioner, on four separate occasions, giving an individual a foil-wrapped packet in exchange for money. (Id.) When Hladik and his partner approached Petitioner, he fled down an alley and dropped a plastic bag into an open sewer, then raised his hands in the air. (Id.) Hladik testified that he detained Petitioner until his partner arrived on the scene, and then removed the sewer cover and recovered the plastic bag. (Id.) Hladik recounted that the plastic bag was floating on top of the water in the sewer, and that there was no other debris in the sewer because water was not flowing through it at that time. (Id.) The plastic bag contained 19 foil packets of a substance later determined to be heroin. (Id.) Hladik and his partner arrested Petitioner and found $50 in a custodial search of his person. (Id.)

Petitioner's attorney cross-examined Hladik, who explained that he and his partner conducted the surveillance during the day, that he wore street clothes, and that he was the only white person in the vicinity. (Id.) Hladik testified further on cross-examination that the transactions he witnessed Petitioner conduct occurred within a few minutes of one another. (Id.) With respect

---

[1] A federal court reviewing a petition for writ of habeas corpus under 28 U.S.C. §§ 2254 presumes the state court's factual findings are correct. 28 U.S.C. §§ 2254(e)(1); see also Sumner v. Mata, 449 U.S. 539, 547 (1981). A petitioner has the burden of establishing by convincing evidence that a state court's factual determinations are erroneous. See U.S. ex rel Green v. Greer, 667 F.2d 585, 589 n. 6 (7th Cir.1981).

2

to recovering the plastic bag from the sewer, Hladik testified that he lifted the sewer cover by himself, without the aid of any tools, and that his partner held his legs while he reached down into the sewer to retrieve the bag. (*Id.*) The parties stipulated that a forensic chemist would testify that she tested the contents of one of the foil packets and determined that it was heroin. (*Id.* at 3.) Cook County Circuit Court Judge Stuart E. Palmer found Petitioner guilty of possession of a controlled substance with intent to deliver. (*Id.*)

On appeal to the Illinois Appellate Court, Petitioner urged that there was insufficient evidence to convict him because the case against him was based solely on the improbable testimony of Officer Hladik. (*Id.*) Specifically, Petitioner argued that it is unlikely that a white man in an "all black neighborhood" would witness four narcotics transactions take place in the middle of the day while no one else noticed him.[2] (*Id.*) Petitioner also argued that Hladik's claim that he removed the sewer cover by himself, without any tools, is incredible. (*Id.*) Petitioner likewise contends that it was not likely that a plastic bag would have been floating on the water in the sewer without a current to wash it away. (*Id.*) The Appellate Court was unmoved by these arguments. It noted that the trial court heard and believed Officer Hladik's account, and furthermore, that its own review of the record, considered in the light most favorable to the prosecution, revealed that there was sufficient evidence to establish Petitioner's guilt beyond a reasonable doubt. (*Id.* at 4.)

Petitioner's second claim on appeal was that he was denied the effective assistance of counsel at trial because his counsel failed "to present any type of defense," failed to conduct the investigation Petitioner specifically requested, and advised Petitioner that he did not need to take the stand in his own defense because the court would not believe Officer Hladik. (*Id.*) The Appellate Court rejected the notion that Petitioner's counsel failed to present a defense, noting that

---

[2] The court initially questioned the relevance of whether or not Officer Hladik had gone unnoticed that day, but notes for clarity that Hladik testified that no one saw him conducting surveillance. Thus, Petitioner argued this point to impeach Hladik's testimony.

3

counsel did cross-examine Hladik and that the record did not otherwise support an ineffective assistance claim. (*Id.*) With respect to Petitioner's remaining allegations, the Appellate Court observed that those matters were outside the record and beyond the scope of its review. (*Id.*) That court concluded that its careful review of the record revealed no issues of arguable merit and it therefore granted appellate counsel's motion for leave to withdraw. (*Id.* at 5.)

The Illinois Supreme Court denied leave to appeal on January 29, 2001. (Order of the Supreme Court of the State of Illinois dated January 29, 2001, Exhibit E to Respondent's Answer.) Petitioner filed no further state court proceedings. He filed the instant petition for writ of habeas corpus on June 29, 2001, raising the same claims he raised in the Illinois Appellate Court and the Illinois Supreme Court on direct appeal.

## STANDARD OF REVIEW

Section 2254 of the Anti-Terrorism and Effective Death Penalty Act entitles a prisoner to a writ of habeas corpus if he is being held in prison pursuant to a state court judgment obtained in violation of the Constitution. 28 U.S.C. §§ 2254; *Williams v. Taylor,* 529 U.S. 362, 375, 120 S. Ct. 1495, 1504 (2000); *Lowery v. Anderson,* 225 F.3d 833, 838 (7th Cir.2000). With respect to any claim that was adjudicated on the merits in state court proceedings, a federal court will not grant a writ of habeas corpus unless that state decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2); *Winters v. Miller,* 274 F.3d 1161, 1165 (7th Cir. 2001); *Hough v. Anderson,* 272 F.3d 878, 889 (7th Cir. 2001). This court, however, will not address the merits of a habeas corpus petition unless the petitioner can show that he has exhausted his state remedies and avoided procedural default. *U.S. ex. rel. Bell v. Pierson,* 267 F.3d 544, 551 (7th Cir. 2001).

Habeas relief is only available to a petitioner who has exhausted his state remedies by presenting his claims fully and fairly to the state courts. 28 U.S.C. §§ 2254; *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). In *O'Sullivan,* the Supreme Court explained that "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845. In Illinois, "one complete round" is finished once the petitioner has presented his claims, whether on direct appeal or on post-conviction review, at each stage of the appellate process, up through and including the Illinois Supreme Court. *See id.* at 847-48.

Where a petitioner has procedurally defaulted on his claims, a federal court will review such defaulted claims only if the petitioner can show: (1) cause for failure to raise the claim, and actual prejudice resulting therefrom; or (2) that refusal to consider the defaulted claim would result in a fundamental miscarriage of justice, meaning that the constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Anderson v. Cowan,* 227 F.3d 893, 899-900 (7th Cir. 2000); *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

**Sufficiency of the Evidence**

Petitioner's first claim for habeas relief is that there was insufficient evidence for the trial court to have found him guilty beyond a reasonable doubt. He complains that his conviction was based entirely on the improbable testimony of Officer Hladik. (Petition at 3.) As previously noted, Petitioner urges that Hladik's testimony was unbelievable, for example, because a white man could not have gone unnoticed in that particular neighborhood, and also because it is unlikely that Hladik could have removed the sewer lid alone, without tools. (*Id.* at 4.) The Illinois Appellate Court

5

rejected this claim on its merits, observing that the trial court believed Hladik's testimony and that the testimony of a single law enforcement officer was sufficient to support a narcotics conviction. (Ill. App. Ct. Order at p. 3, Exhibit C to Respondent's Answer, citing People v. Bradford, 187 Ill. App. 3d 903, 543 N.E.2d 918 (1st Dist. 1989).)

Because the Illinois Appellate Court considered and rejected this claim on its merits, this court will not grant habeas relief on this claim unless the Appellate Court's decision was either contrary to, or an unreasonable application of, federal law, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. §§ 2254(d)(1) & (2). Petitioner did not attempt to show that the decision was contrary to federal law. Rather, he criticized Hladik's testimony and expressed his disagreement with the Appellate Court's conclusion, arguably indicating that he found the decision to have been an unreasonable application of the facts. As Petitioner himself acknowledged, however, the testimony of a single witness was sufficient to convict him (Petition at 3), and his protests that the trial and appellate courts should not have believed Officer Hladik's testimony are insufficient to disturb the result. This court notes, in any event, that Petitioner's challenges to Hladik's account go to collateral matters. Even if the court shared Petitioner's hunch that Officer Hladik could not have gone unnoticed, or that he could not have removed a sewer cover without tools or assistance, such (hypothetical) doubts would not disturb the conclusion that Hladik's testimony was otherwise sufficient both to establish that Petitioner was observed engaging in unlawful drug transactions, and to support his conviction for that conduct.

## Ineffective Assistance of Counsel

Petitioner's second claim for habeas relief is that his trial counsel was ineffective for failing "to present any type of defense," for not investigating the crime scene as Petitioner wished, and for telling Petitioner he did not need to testify because the court would not believe Hladik's story.

(Petition at 6-7.) The Illinois Appellate Court rejected Petitioner's assertion that his trial counsel did not present a defense after reviewing the trial record. (Ill. App. Ct. Order at p. 4., Exhibit C to Respondent's Answer.) Again, because the Appellate Court rejected the merits of this claim, this court will not grant habeas relief unless Petitioner shows that the decision was contrary to federal law, or was based on an unreasonable application of the facts. 28 U.S.C. §§ 2254(d)(1) & (2). Petitioner did not do either here, nor does this court believe that either argument would have enjoyed any probability of success.

With respect to Petitioner's two remaining allegations of ineffective assistance, the Illinois Appellate Court noted that these arguments were based on conversations between Petitioner and his counsel and were, therefore, matters not in the record and beyond its scope of review. (Ill. App. Ct. Order at 4, Exhibit C to Respondent's Answer.) The Appellate Court went on to state that it had carefully reviewed the record and found no issues of arguable merit. (Id. at 4-5.) In an earlier order in this case, this court expressed doubt about whether the Appellate Court had foreclosed habeas review by expressly relying on a state procedural grounds for not reaching the merits of the claim, or whether its statement about finding no issues of merit in the record meant that it intended to reject this claim on the merits leaving it open to habeas review by this court or in a state post-conviction proceeding. (October 30, 2001 Order, Docket No. 12.) The court finds the former more likely, as the Appellate Court's review of the record would not have led it to consider the merits of Petitioner's claims that were based on conversations with his attorney.[3] Thus, a review of

---

[3] The parties also dispute whether the Appellate Court's treatment of this claim means that it has been procedurally defaulted. Petitioner urges that it was not defaulted, and that this court should consider the merits. To the extent this claim was procedurally defaulted, Petitioner's suggestion that the Appellate Court should have directed him to raise the claim in a post-conviction petition does not constitute cause excusing the default. The Appellate Court was not obliged to tell Petitioner the best way to raise his claims, he has no constitutional right to an attorney in state post-conviction proceedings, and his pro se status does not establish cause for a procedural default. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Henderson v. Cohn, 919 F.2d
(continued...)

7

Petitioner's claim on the merits is most likely foreclosed.

If, however, the Appellate Court meant to reject these arguments on the merits (meaning that this court could consider whether the Appellate Court's decision was contrary to federal law or based on unreasonable facts) the result would be no different. Significantly, Petitioner has not argued that the Appellate Court's decision was contrary to federal law, or that it relied on an unreasonable determination of the facts. Instead, Petitioner requests a hearing to develop the facts underlying his claims that were outside the record pursuant to 28 U.S.C. § 2254(e)(2). (Petitioner's Response to Respondent's Answer at p. 4.) This court will not grant an evidentiary hearing on this claim unless Petitioner shows that it relies on "(i) a new rule of constitutional law. . . that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). Petitioner does not argue the former. Nor does he suggest that this claim is based on facts that could not previously have been uncovered. To the contrary, the claim is based on conversations to which he was a party, a factual predicate that had already been discovered because he made the same claim on his direct appeal. Notably, even now, with the benefit of appointed counsel, Petitioner has not submitted so much as his own affidavit concerning the alleged conversations with trial counsel. Petitioner has not shown either that the Appellate Court's decision, to the extent it was a decision on the merits, was contrary to federal law or based on an unreasonable determination of the facts, or that he is entitled to an evidentiary hearing.

---

[3](...continued)
1270, 1272 (7th Cir. 1990). Furthermore, as discussed herein, Petitioner has not shown fault with the Appellate Court's decision sufficient to warrant habeas relief.

For the above reasons, the petition for writ of habeas corpus is denied.

ENTER:

Dated: May 16, 2002

_____
REBECCA R. PALLMEYER
United States District Judge